**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

FAYLAIS J. FREEMAN,

                     Plaintiff,

                                               Case No. 3:12-cv-38-J-JRK

vs.

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

                     Defendant.

_____/

## OPINION AND ORDER[2]

### I.  Status

Faylais J. Freeman[3] ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI").  Plaintiff's alleged inability to work is a result of "[a]rthritis [and] depression[.]"  Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed April 3, 2012, at 161.  Plaintiff also alleges she suffers from pain and spasms in her back, arms, legs, hips, hands, feet and shoulders, and describes that she is affected by hallucinations and voices that drive her to suicidal thoughts.

---

      1        Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

      2        The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed April 5, 2012; Reference Order (Doc. No. 14), entered April 9, 2012.

      3        Plaintiff's name is not always referred to or spelled the same way in the record.  There are references to "Faylais Freeman," "Faylais J. Freeman," "Faylois Freeman," and "Faylois J. Freeman."  The Court uses the spelling that Plaintiff used when filing the Complaint initiating the instant case.

See, e.g., Tr. at 40-41, 45-47, 55, 236-37, 271-82, 329.   On January 3, 2008, Plaintiff filed applications for DIB and SSI, alleging an onset date of October 2, 2007.  Tr. at 141-46 (DIB), 136-38 (SSI).  Plaintiff's applications were denied initially, see Tr. at 77 (DIB), 78-80 (SSI), and were denied upon reconsideration, see Tr. at 89 (DIB), 92-93 (DIB), 90-91 (SSI), 94 (SSI).

On December 15, 2009, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff and a vocational expert ("VE") testified.  Tr. at 32-72.  At the time of the hearing, Plaintiff was fifty-one (51) years old.  Tr. at 36.  The ALJ issued a Decision on March 24, 2010, finding Plaintiff not disabled through the date of the Decision.  Tr. at 18-27.  The Appeals Council then received additional evidence in the form of a letter by Plaintiff's counsel.  Tr. at 4-5.  On November 21, 2011, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner.  On January 12, 2012, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises three issues on appeal.  See Plaintiff's Brief (Doc. No. 19; "Pl.'s Br."), filed July 2, 2012.[4]  First, Plaintiff argues that despite stating that he gave great weight to the opinion of examining psychologist Lynda Walls, Ph.D. regarding Plaintiff's limitations, the ALJ ignored the portion of Dr. Walls's opinion stating that Plaintiff would be unable to "regularly attend to a routine and maintain a schedule due to both chronic pain and severe mental

---

4    For ease of discussion, the undersigned has rearranged the order of the issues presented.

distress."   Pl.'s Br. at 1; see also id. at 14-17.   The ALJ ignoring that portion of the opinion is significant, according to Plaintiff, because the ALJ did not account for difficulty attending to a routine and maintaining a schedule in Plaintiff's residual functional capacity ("RFC") assessment or in the hypothetical to the VE.  Id. at 14-17.  Second, Plaintiff argues that the ALJ improperly relied on the VE's response to a hypothetical question because the hypothetical question did not accurately reflect the ALJ's finding that Plaintiff is limited to work not requiring fine vision or depth perception.  Id. at 1; see also id. at 10-14.  Third, Plaintiff argues that the ALJ failed "to articulate specific and adequate reasons for discrediting [Plaintiff]'s symptoms and testimony."  Id. at 1; see also id. at 17-19.

Responding to the first issue, Defendant implicitly concedes that the ALJ did not incorporate in the RFC assessment Dr. Walls's statement regarding attending to a routine and maintaining a schedule.  Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem."), filed August 14, 2012, at 7-8.  Defendant argues, however, that the overall RFC is supported by substantial evidence, especially considering that the ALJ relied on the opinions of five other medical sources in formulating it.  Def.'s Mem. at 8-10. Regarding the second issue, Defendant contends that the ALJ did not err in posing the hypothetical to the VE, regardless of Plaintiff's observation that the phrasing of the RFC in the written Decision is different from that of the hypothetical.  Id. at 4-7.  Responding to the third issue, Defendant asserts the ALJ correctly assessed Plaintiff's credibility.  Id. at 10-12.

After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be reversed and remanded for the reasons explained herein.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry.  See Tr. at 20-26.  At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since October 2, 2007, the alleged onset date."  Tr. at 20 (emphasis and citation omitted).  At step two, the ALJ found that Plaintiff "has the following severe impairments: psychotic disorder, affective disorder, polyarthralgias, mild cataracts, mild joint pain, and obesity."  Tr. at 20 (emphasis and citation omitted).  At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed

---

5    "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 21 (emphasis and citations omitted).

The ALJ determined that Plaintiff has the following RFC:

> [Plaintiff can] perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). [Plaintiff] is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can sit, stand, and/or walk for about six hours each in an eight hour workday. [Plaintiff] can perform postural activities occasionally except she can never climb ladders, ropes, or scaffolds. Because of her alleged visual limitations, [Plaintiff] is limited to work not requiring fine vision or depth perception. She must avoid concentrated exposure to workplace hazards, such as dangerous moving machinery and unprotected heights. [Plaintiff] is limited to simple, routine, repetitive work in a low stress environment for multiple periods of short duration throughout the eight hour workday. She is further limited to superficial contact with the general public.

Tr. at 22 (emphasis omitted).  At step four, the ALJ found Plaintiff "is capable of performing past relevant work as a housekeeper."  Tr. at 25 (emphasis and citation omitted).  At step five, after "considering [Plaintiff's] age, education, work experience, and [RFC]," the ALJ found alternatively that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] also can perform," such as "ticket taker[.]"  Tr. at 26.  The ALJ concluded that Plaintiff "has not been under a disability . . . from October 2, 2007, through the date of th[e D]ecision."  Tr. at 26 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but

less than a preponderance.'" <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting <u>Hale v. Bowen</u>, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" <u>Falge</u>, 150 F.3d at 1322 (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); <u>see also</u> <u>McRoberts v. Bowen</u>, 841 F.2d 1077, 1080 (11th Cir. 1988); <u>Walker v. Bowen</u>, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

As noted above, Plaintiff raises three issues on appeal.   Each is addressed in turn.

### A.    Dr. Walls's Opinion

First, Plaintiff argues that despite according "great weight" to Dr. Walls's opinion,  the ALJ erred by finding that Plaintiff could perform full-time sustained work within her limitations without including Dr. Walls's finding that Plaintiff  "would be unable to regularly attend to a routine and maintain a schedule due to chronic pain and severe mental distress." Pl.'s Br. at 14.  Plaintiff contends that the inability to maintain a schedule and routine would "certainly" inhibit her ability to sustain employment.  <u>Id.</u> Furthermore, Plaintiff contends that the ALJ's failure to include these limitations in the RFC assessment or hypothetical question

to the VE and his "failure to reconcile the inconsistencies between Dr. Walls'[s] opinion and the RFC assessment" constitute reversible error.  Id.

Defendant counters that "[t]he ALJ did not give controlling weight to, or adopt verbatim, Dr. Walls's opinion."  Def.'s Mem. at 8.  Instead, Defendant contends, the ALJ appropriately considered and gave great weight to Dr. Walls's opinion, as well as opinions of five other medical sources, in formulating Plaintiff's RFC.  Id.  In sum, Defendant asserts that when the evidence from the psychological evaluations is taken "together, the ALJ reasonably determined Plaintiff was 'limited to simple, routine, repetitive work in a low stress environment for multiple periods of short duration throughout the eight hour workday.'"  Id. at 9 (quoting Tr. at 22).

The Regulations establish a "hierarchy" among medical opinions[6] that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of nonexamining physicians[;] treating physicians'[] [opinions] are given more weight than [nontreating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of nonspecialists."  McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (unpublished) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)).  Examining physicians' opinions are not entitled to deference.  See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam) (citing Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986)); see also Crawford, 363 F.3d at 1160 (citation omitted).  Nevertheless, an ALJ is

---

6    "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions."  20 C.F.R. § 404.1527(a)(2).

required to consider every medical opinion.  <u>See</u> 20 C.F.R. §§ 404.1527(d), 416.927(d) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization."  20 C.F.R. §§ 404.1527(d)(2)-(5), 416.927(d)(2)-(5); <u>see also</u> 20 C.F.R. §§ 404.1527(e), 416.927(f).  "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." <u>Oldham v. Schweiker</u>, 660 F.2d 1078, 1084 (5th Cir. Unit B 1981) (citation omitted); <u>see also</u> 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  However, the ALJ is required to state "with particularity" the weight he gives to different medical opinions and the reasons why. <u>McCloud v. Barnhart</u>, 166 F. App'x 410, 419 (11th Cir. 2006) (citing <u>Sharfarz v. Bowen</u>, 825 F.2d 278, 279 (11th Cir. 1987)).

In this matter, on about February 7, 2008, Dr. Walls, an examining psychologist, conducted a consultative psychological examination of Plaintiff and authored a detailed report.  Tr. at 236-40.  At the time of the evaluation, Plaintiff was living at a center for previously homeless individuals.  Tr. at 236.  In the report, Dr. Walls noted that Plaintiff "has heard voices basically all of her life" that "generally have encouraged her to harm herself by constantly telling her that she 'should not be here.'"  Tr. at 236.  Dr. Walls also stated that Plaintiff "has a habit of distracting herself from hearing the voices and bells by picking at her skin until she bleeds." Tr. at 237. Included in the report was the following "Medical Source Statement":

> Vocationally, [Plaintiff] appears to be capable of understanding and following simple instructions and directions.  She appears to be capable of performing simple tasks independently. She appears to be capable of maintaining attention and concentration for simple tasks.  <u>She cannot regularly attend to a routine and maintain a schedule due to both chronic pain and severe mental distress.  She appears to be having some significant problems learning new tasks.</u>  She appears to be capable of making appropriate routine decisions.  She appears to be able to relate and interact appropriately with others.  <u>She appears to be having many difficulties dealing with stress.</u>

Tr. at 240 (capitalization omitted) (emphasis added).

The ALJ gave "[g]reat  weight" to Dr. Walls's opinion because "it is well supported by the record as a whole and because it is not contradicted by any other medical evidence or opinion in the record."  Tr. at 24.  In discussing the opinion, however, the ALJ left out some critical aspects of it.  Despite quoting most of the "Medical Source Statement" above verbatim, the ALJ left out all of the above underlined portions of the opinion.  <u>See</u> Tr. at 24. In other words, the ALJ failed to mention Dr. Walls's opinion that Plaintiff "cannot regularly attend to a routine and maintain a schedule due to both chronic pain and severe mental distress"; the observation that Plaintiff "appears to be having some significant problems learning new tasks"; and the observation that Plaintiff "appears to be having many difficulties dealing with stress."  <u>Compare</u> Tr. at 24 <u>with</u> Tr. at 240.

The ALJ's failure to include these portions of Dr. Walls's opinion resulted in an unfair characterization of Dr. Walls's evaluation.  By electing to give the opinion great weight, the ALJ essentially accepted the opinion; yet, the Court is unable to ascertain whether the ALJ even considered all of it.  The opinion that Plaintiff is unable to attend to a routine and maintain a schedule could very easily preclude Plaintiff from maintaining employment.  For these reasons, judicial review of the ALJ's handing of Dr. Walls's opinion is frustrated.  This

matter is due to be reversed and remanded for further consideration of Dr. Walls's opinion. On remand, the ALJ shall consider the entirety of Dr. Walls's evaluation and opinion, determine the impact, if any, of Dr. Walls's various limitation findings on Plaintiff's RFC.  In addition, the ALJ shall reformulate a hypothetical to the VE that includes all of Plaintiff's credible limitations.

### B. Hypothetical to VE Regarding Visual Limitations

Plaintiff argues that the ALJ erred in relying on the VE's testimony because the hypothetical question presented to the VE was not the same as the RFC determination with respect to visual limitations.  Pl.'s Mem. at 1, 10-14.  Defendant contends that the ALJ did not err in posing the hypothetical to the VE, regardless of Plaintiff's observation that the phrasing of the RFC in the written Decision is different from that of the hypothetical.  Def.'s Mem. at 4-7.

As both parties apparently recognize, the phrasing of the visual limitations in the RFC is different from the phrasing of the visual limitations in the hypothetical to the VE.  The ALJ phrased the visual limitation in the hypothetical to the VE as follows:

> The person is limited to near acuity and far acuity.  The best correction vision is on the right is 20/80 J14 and the left is 20/80 J14.  So, limited vision there. And, let's see, also depth of perception is limited, too.

Tr. at 61.  Yet, the RFC assessment in the written Decision provides only that Plaintiff "is limited to work not requiring fine vision or depth perception."  Tr. at 22.

There is no need to resolve the issue of whether the difference in phrasing is material to the point of constituting reversible error.  Given that this matter is due to be remanded on another ground, and given that the remand instructions will necessitate the ALJ

reconsidering the RFC and hypothetical to the VE, the Court will include a direction on remand that the ALJ correct any material differences regarding Plaintiff's visual limitations as well.

### C.    Plaintiff's Subjective Symptoms and Testimony

Third, Plaintiff argues that the ALJ's evaluation of Plaintiff's pain and psychological symptoms lacked meaningful analysis, contrary to "Eleventh Circuit case law."  Pl.'s Br. at 17.  Plaintiff asserts the ALJ did not articulate specific reasons to discredit Plaintiff's testimony regarding the pain and psychological symptoms, other than (1) Plaintiff's alleged noncompliance with her medication regime and (2) "general statements that the 'objective medical reports' did not support the level of severity alleged, without any specifics as to what was supposedly inconsistent."  Id. at 18.  Plaintiff notes that she suffers from several mental impairments, including a longstanding psychotic condition, hallucinations, delusions, suicidal ideation, self mutilation, and depression.  Id. at 19.  Thus, according to Plaintiff, the ALJ erred in his determination by failing to discuss with sufficient specificity the reasons for discrediting Plaintiff's nonexertional impairments and symptoms.  Id.

Defendant counters that the ALJ correctly considered Plaintiff's credibility regarding her subjective pain symptoms and psychological symptoms.  Def.'s Mem. at 10. Specifically, Defendant contends that the ALJ properly weighed Plaintiff's testimony against objective medical findings and articulated the bases for his finding that Plaintiff's allegations were not fully credible.  Id. at 11-12.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying

medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.3d at 1223. Although "credibility determinations are the province of the ALJ," Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005), "explicit and adequate reasons" must be articulated if the ALJ discredits the claimant's testimony, Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (stating that "after considering a claimant's complaints of pain [or other subjective symptoms], the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence").

"When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)); see also 20 C.F.R. § 416.929(c)(3)(i)-(vi) (providing the same). A claimant's ability to participate in daily activities for a short duration, however, does not preclude a finding of disability. See Lewis, 125 F.3d at 1441 (finding that participation in everyday activities "such as housework and fishing" is insufficient to disqualify "a claimant from disability").

Here, the ALJ first articulated his findings regarding Plaintiff's credibility as to her pain and other symptoms in the following manner:

> After careful consideration of the evidence, . . . [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the . . . [RFC].

Tr. at 23.  The ALJ then summarized the examinations and opinions of various medical sources, including Dr. Walls.  Tr. at 23-25.  Also, the ALJ summarized Plaintiff's testimony about her daily activities, her pain, and the side effects of her medications.  Tr. at 25. Finally, the ALJ explained his credibility determination in one paragraph:

> The undersigned finds [Plaintiff's] subjective complaints about the severity of her impairments to be less than fully credible.  The objective medical reports of treating and examining practitioners do not support the level of severity alleged by [Plaintiff].  Further diminishing [Plaintiff's] credibility is the fact that she is non-compliant with her medication regime.  Non-compliance with medications is a significant factor in the credibility analysis.

Tr. at 25.

The ALJ's summary of Plaintiff's testimony and the conclusory explanation of the credibility finding frustrate judicial review.  First, when summarizing Plaintiff's testimony, the ALJ left out critical aspects, including that Plaintiff often has suicidal thoughts, Tr. at 46, that Plaintiff self-mutilates about two to three times per week, Tr. at 47-48, and that she hears voices and bells, Tr. at 55.  Second, the ALJ's main reason for discrediting Plaintiff's allegations regarding her pain and psychological symptoms was too general: "objective medical reports of treating and examining practitioners do not support the level of severity alleged by [Plaintiff]."  Tr. at 25.  With respect to the "objective medical reports," however, the Court cannot be satisfied that the ALJ considered examining psychologist Dr. Walls's

whole opinion and report that was in part relied upon to discredit Plaintiff. See Section IV.A., supra. In sum, given the ALJ's lack of explanation and the other reasons identified herein, the Court cannot be satisfied that the credibility finding is based upon substantial evidence, especially as to the alleged psychological symptoms. On remand, therefore, the ALJ shall reconsider Plaintiff's credibility. If Plaintiff is discredited, the ALJ shall articulate sufficient reasons, supported by substantial evidence, for discrediting her testimony.

### V.  Conclusion

For the reasons stated herein, it is

**ORDERED**:

1.      The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to § 1383(c)(3) **REVERSING** the Commissioner's final decision, and **REMANDING** this matter with the following instructions:

(a)      Reconsider the opinion of Dr. Walls, and determine the impact, if any, of Dr. Walls's various findings on the RFC and the hypothetical to the VE;

(b)      Resolve any material differences between the visual limitations in the RFC and the visual limitations included in the hypothetical to the VE;

(c)      Reevaulate Plaintiff's credibility and if Plaintiff is found to be incredible, provide explicit and adequate reasons for the finding; and

(d)      Take such other action as may be necessary to resolve these claims properly.

2.      The Clerk of Court is further directed to close the file.

3.      In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) or § 1383(d)(2) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on March 28, 2013.

James R. Klindt
**JAMES R. KLINDT**
United States Magistrate Judge

mn
Copies to:
Counsel of Record